UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HERMAN ALFONSO MORALES,<br><br>　　　　　　　　　　　Petitioner,<br>　　v.<br>BAYRNE, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No. 3:15-cv-00587-MMD-VPC<br><br>ORDER |

Before the Court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Herman Alfonso Morales (dkt. no. 1-1). His application to proceed *in forma pauperis* shall be granted (dkt. no. 1).

It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Petitioner Morales previously submitted a federal habeas petition in Case No. 3:15-cv-00376-RCJ-VPC. The Court dismissed that action without prejudice as improperly commenced. Morales indicates on this petition that his direct appeal was decided in 2004 and that the Nevada Supreme Court affirmed the denial of his state postconviction habeas petition in 2005 (dkt. no. 1-1). In its order dismissing Case No. 3:15-cv-00376-RCJ-VPC, this Court noted that the Nevada Supreme Court docket

appears to reflect that Morales pursued state postconviction relief until March 25, 2008, and then took no further action until September 22, 2014. *See* Nevada Supreme Court Case Nos. 67904, 67836, 66748. Morales indicates on the instant federal habeas petition that he dispatched it for mailing on December 1, 2015. Thus, it appears that this federal petition was filed well beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Therefore, the petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is granted.

It is further ordered that petitioner shall have thirty (30) days from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.  He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

It is further ordered that if petitioner fails to demonstrate that the petition was timely filed or that he is entitled to equitable tolling of the time period the court shall enter an order dismissing the petition.

DATED THIS 12th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE