UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERMAN ALFONSO MORALES,<br><br>          Petitioner,<br>     v.<br><br>BAYRNE, et al.,<br><br>          Respondents. | Case No. 3:15-cv-00587-MMD-VPC<br><br>ORDER |

Petitioner Herman Alfonso Morales's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on his response to this Court's show-cause order as to why the petition is not subject to dismissal as time-barred. (ECF No. 4.)

In this Court's order dated April 12, 2016, the Court noted that, from what it could discern from the petition and the state-court docket, Morales pursued state postconviction relief until March 25, 2008, and then took no further action until September 22, 2014. Morales indicated on the face of this federal petition that he dispatched it for mailing on December 1, 2015, which was well beyond the one-year statute of limitations (ECF No. 1-1 at 1.) 28 U.S.C. § 2244(d)(1)(A).

Morales does not dispute that this federal petition was filed after the expiration of the AEDPA statute of limitations. He wrote in his response to the show-cause order that he was born in Nicaragua and raised in El Salvador and that at the beginning of his case he did not know how to speak, write or understand English, nor did he have much knowledge of U.S. law. (ECF No. 4 at 2.) He then states generally that the Ely State

Prison law library "paging system" is inadequate and that the law clerks have "little to no knowledge" of the law. (*Id.*) He also asserts that the law library at Lovelock Correctional Center "does very little to get any forms or help" to inmates in protective segregation. (*Id.* at 4.)

Morales also argues that his state postconviction counsel rendered ineffective assistance by taking his state postconviction petition off calendar without consulting petitioner. (*Id.* at 3.) However, Morales attaches a February 11, 2015, state district court order that reflects that, while his first state postconviction petition was "taken off calendar due to the erroneous advice of counsel," his second state postconviction petition was denied on the merits, with notice of entry of order filed on March 7, 2008. (*See id.* at 11-14.)

Morales has attempted to demonstrate that some extraordinary circumstance prevented his timely filing. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, he provides no dates or timeframes whatsoever to support his vague allegations that his lack of English-language skills or errors by counsel with his first state postconviction petition that might explain, with any specificity, the over seven-year delay in filing his federal petition. In fact, his response to the show-cause order itself, which he wrote and which is generally written in correct, reasonably sophisticated English, as well as the state-court filings he includes, both belie the contention that extraordinary circumstances prevented him from filing. Further, Morales sets forth no factual allegations whatsoever to demonstrate that he diligently pursued his rights. *See*, *e.g.*, *Calderon*, 128 F.3d at 1288. Morales has failed to meet his burden of demonstrating that he is entitled to equitable tolling of the one-year limitations period.

In conclusion, petitioner's federal petition is untimely. Petitioner has failed to demonstrate a sufficient basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

1  Accordingly, the petition will be dismissed with prejudice as untimely.

2  Iit is therefore ordered that the Clerk detach and file the petition (ECF No. 1-1).

3  It is further ordered that the petition is dismissed with prejudice as untimely.

4  It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this petition to be debatable or incorrect.

6  It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

8  It is further ordered that the Clerk electronically serve the petition, along with a copy of this order, on respondents. No response by respondents is necessary.

10  It is further ordered that petitioner's *ex parte* motion for appointment of counsel (ECF No. 5) is denied as moot.

12  It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 9th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE